UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | CIVIL ACTION |
| VERSUS | NO. 22-5172 |
| DEPARTMENT OF HOMELAND SECURITY, *et al.* | SECTION M (5) |

## ORDER & REASONS

Before the Court is the motion of plaintiff Jane Doe, proceeding *pro se*, to seal court records.[1] Doe is a citizen of China who, in 2015, applied for asylum in the United States and for withholding of removal.[2] Doe filed the instant action in connection with this 2015 asylum application. In the suit, she alleges that the United States Citizenship and Immigration Services ("USCIS") has failed to timely process her application, in violation of the Administrative Procedures Act ("APA"), and she seeks a writ of mandamus to compel the government defendants to schedule an interview in furtherance of her pending application.[3] Even though she voluntarily placed her complaint and its exhibits in the public record, Doe subsequently filed a motion to seal the court documents associated with her suit (including those filed and those to be filed) because the nature, existence, and circumstances of her pending asylum application could threaten both her safety and the safety of her family members in China should information pertaining to her application be disclosed to the public.[4]

Upon receipt of the motion to seal, the Court ordered Doe to show cause why the entirety of the case should be sealed given the Fifth Circuit's guidance on the public's right of access to

---

[1] R. Doc. 7.
[2] R. Doc. 1 at 1-2.
[3] *Id.*
[4] R. Doc. 7.

judicial proceedings.⁵  In the meantime, the Court provisionally sealed the exhibits appended to Doe's complaint in an effort to balance the public's right of access with her interests in nondisclosure.⁶  In her response to the Court's show-cause order and in further support of her contention that the case should be sealed, Doe cited to 8 C.F.R. § 208.6 – a federal regulation prohibiting *government* disclosure of information pertaining to asylum applications – and attached the USCIS's fact sheet concerning the regulation.⁷  The government defendants, although they were permitted an opportunity to do so, did not file a statement of their position concerning Doe's request to seal within the 14-day period for responding to the show-cause order.⁸

Consistent with the Fifth Circuit's admonition that courts considering motions to seal must undertake a "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure,'" *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (quoting *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)), this Court has weighed the importance of the public's right of access to the documents filed in this case against both (1) the harm posed to Doe and her family by public disclosure of information related to her asylum application and (2) the interests guarded by the federal regulation prohibiting the government from disclosing such information.

To date, Doe has submitted a complaint making her asylum application the subject of the litigation, a motion to seal, and a response to the show-cause order.  The exhibits she attached to the complaint contain additional details about her asylum application, including the Department of Homeland Security's acknowledgement of its receipt, the notice for Doe to appear at a USCIS application support center for the collection of biometric data, and email communications between

---

⁵ R. Doc. 8.
⁶ *Id.* at 2.
⁷ R. Doc. 9 at 1 (attaching R. Doc. 9-1).
⁸ R. Doc. 8 at 3.

Doe and her local asylum office director about the status of her application.[9]  Doe asserts that public disclosure of these documents could make her susceptible to retaliation from foreign "government authorities or non-state actors."[10]  Additionally, she states that family members continue to reside in China and that they could face danger should the existence and nature of her asylum application be revealed to the public.[11]  The Court finds that these documents do contain sensitive information, the disclosure of which could be dangerous for Doe and her family.  Thus, the nature and very existence of these documents weigh in favor of restricting the public's right of access to them.

> The regulation cited by Doe[12] provides in pertinent part that:
>
> Information contained in or pertaining to any application for refugee admission, asylum, [or] withholding of removal under section 241(b)(3) of the [Immigration and Nationality] Act ... shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Secretary [of Homeland Security].

8 C.F.R. § 208.6(a).  This prohibition on government disclosure of asylum application-related information evinces the confidential nature of Doe's own asylum application.  Preserving the confidentiality of applications is essential to the purpose of permitting foreign nationals to seek asylum status in the United States, as a request for asylum is frequently motivated by fear of retaliation or persecution in an applicant's country of origin due to the applicant's religious or political beliefs.  While Doe does not yet identify the issue that could occasion retaliation or persecution, the confidential nature of her asylum application weighs in favor of restricting the public's right of access to at least certain portions of the judicial records involved in this case.

---

[9] R. Doc. 1-1 at 1-5.
[10] R. Doc. 7 at 1.
[11] *Id.*
[12] R. Doc. 9 at 1.

Accordingly, the Court will maintain the seal on the asylum application-related records filed as the exhibits to the complaint, and the Court orders that the presently-filed complaint, motion to seal, response to show-cause order, and any other filing containing the name of the plaintiff, be placed under seal.

It is not necessary, though, that the Court seal the entirety of the case, as Doe asks, to protect the interests favoring nondisclosure. Instead, the Court finds it appropriate to permit Doe to proceed anonymously in the matter, through the use of a pseudonym, despite the ordinary requirement that pleadings name all the parties. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Rule 10(a) of the Federal Rules of Civil Procedure protects the public's legitimate interest in knowing all the facts involved in a case, including the identities of the parties. *See id.* "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). However, proceeding under a fictitious name does not prevent public scrutiny of a judicial proceeding that remains open, since it still allows the public to monitor "the issues joined [and] the court's performance in resolving them." *Id.*

An exception to the "the almost universal practice of disclosure" exists under certain limited circumstances, whereby courts may grant leave for a party to use a fictitious name. *Id.* at 186 (holding that minors challenging constitutionality of school prayer were permitted to proceed under fictitious names). The Fifth Circuit has adopted a balancing test "of considerations calling for maintenance of a party's privacy against the customary constitutionally-embedded

presumption of openness in judicial proceedings." *Id.* at 185-86. "Whether 'prosecution of the suit compel[s] plaintiffs to disclose information of the utmost intimacy' is one of the 'factors common to anonymous party suits [which] deserves considerable weight in the balance pitting privacy concerns against the presumption of openness.'" *Doe v. Griffon Mgmt. LLC*, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014) (quoting *Stegall*, 653 F.2d at 185-86). Other factors that courts have weighed in favor of anonymity include actions with "constitutional overtones," *see Stegall*, 653 F.2d at 185, where the plaintiff "challeng[es] the constitutional, statutory or regulatory validity of government activity," or confesses a violation of the law or regulations. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *see also Roe v. Ingraham*, 364 F. Supp. 536 (S.D.N.Y. 1973) (permitting use of pseudonyms where plaintiffs challenged constitutionality of statute requiring disclosure of personal information to obtain prescription drugs). There is "'no hard and fast formula for ascertaining whether a party may sue anonymously,'" rather, "the decision is left to the discretion of the district court." *Griffon Mgmt.*, 2014 WL 7040390, at *1 (quoting *Stegall*, 653 F.2d at 186).

Here, the Court finds that balancing Doe's privacy concerns against the presumption of openness in judicial proceedings weighs in favor of permitting her to proceed anonymously. Doe seeks to prevent public disclosure of confidential and sensitive information pertaining to her pending asylum application – the very existence of which she says could jeopardize the safety of both herself and members of her family still living in China. Litigation of this suit will require Doe (and perhaps the government defendants) "to disclose information of the utmost intimacy," *id.*, as the suit involves a challenge to the validity of government activity – specifically, the USCIS's alleged failure to timely process her asylum application in violation of the APA. Hence, pseudonymous filing will serve to protect Doe from the dangers that could result from public

disclosure. Because Doe has already disclosed her true identity to the Court and to the parties, the government defendants – who have not themselves appeared in the case to oppose the motion to seal – are not prejudiced by Doe's proceeding anonymously in this matter. Therefore, when considering the risk of retaliation that Doe and her family members face from disclosure, the lack of potential prejudice to the defendants, the defendants' lack of opposition to Doe's motion to seal, and the public's interest in disclosure, the Court finds that the public's right to access requires that it deny the full extent of the relief Doe seeks – namely, sealing the entirety of the case – but the Court also finds that the need for anonymity outweighs the public's right to *complete* access. To be sure, permitting Doe to proceed anonymously narrowly tailors the relief ordered to the needs and interests presented here, thereby preserving public access to the existence, nature, and disposition of the case, while simultaneously protecting Doe and her family from the dangers posed by public disclosure of information concerning her identity and asylum application. Other courts have balanced these competing interests to accord similar relief to plaintiffs pursuing civil actions related to their asylum applications. *See, e.g.*, *Doe v. Blinken*, 2022 WL 17067480 (E.D. Cal. Nov. 17, 2022) (granting asylum applicants' motion to proceed under pseudonym and sealing previously-filed, unredacted exhibit); *Doe v. U.S. Citizenship & Immigr. Servs.*, 2021 WL 1907562 (E.D. Cal. May 12, 2021) (granting asylum applicant's motion to proceed with pseudonymous filings to protect identity from public disclosure); *O.M.G. v. Wolf*, 2020 WL 12956895 (D.D.C. Mar. 23, 2020) (granting plaintiffs leave to file under pseudonyms to protect asylum applications from disclosure); *but see Meder v. City & Cnty. of S.F. Human Serv. Agency*, 2020 WL 5417131 (N.D. Cal. Aug. 21, 2020) (denying plaintiffs' motion to seal case where they had chosen to file case publicly without seeking leave to proceed anonymously and had "not shown a compelling justification requiring the sealing of the whole case," especially since "[t]he contents of any asylum

applications or related records are not publicly available through *this* case file") (emphasis in original), *appeal dismissed*, 2021 WL 869009 (9th Cir. Feb. 16, 2021).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Jane Doe's motion to seal (R. Doc. 7) is GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent that the motion requests the Court to seal her complaint, the exhibits attached to her complaint, her motion to seal court records, her response to the Court's show-cause order, and any other presently-filed judicial record reflecting her actual identity. However, the motion is DENIED to the extent that Doe requests the Court to seal the entirety of the case, including all past and future filings. Doe is permitted to file under seal any <u>exhibits</u> consisting of documents containing information about her pending asylum application or identity, but they must be accompanied by a public filing complying with this Order.

IT IS FURTHER ORDERED that plaintiff Jane Doe shall proceed with this litigation anonymously by using the pseudonym "Jane Doe" or "Doe" in all instances when her actual name would otherwise be used. Doe shall refile in the public record her complaint, motion to seal, and response to the show-cause order, using this pseudonym in place of her name so that these filings can become a part of the public record without the disclosure of her true identity. All parties shall make all future filings using this pseudonym. The caption of the case, all notations on the Court's CM/ECF case docket, and all other public references in the case, shall be amended to substitute the pseudonym in place of plaintiff Doe's actual name.

AND IT IS FURTHER ORDERED that the government defendants shall continue to be bound by 8 C.F.R. § 208.6.

New Orleans, Louisiana, this 23rd day of January, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE